IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:02-CR-110-BO

| | |
|---|---|
| REGINALD JONES, )<br>　　Petitioner, )<br>　　　　　　　　　　　　　　)    O R D E R<br>v. )<br>　　　　　　　　　　　　　　)<br>UNITED STATES OF AMERICA, )<br>　　Respondent. ) | |

This cause comes before the Court on petitioner's *pro se* motion to review his sentence under 18 U.S.C. § 3742. [DE 53]. The government has responded in opposition and the matter is ripe for disposition. For the reasons discussed below, petitioner's motion to review his sentence [DE 53] is DENIED.

## BACKGROUND

In 2002, petitioner pleaded guilty pursuant to a written plea agreement to one count of bank robbery, in violation of 18 U.S.C. § 2113(a). [DE 15]. In the plea agreement, petitioner agreed "to waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground . . . including any proceeding under 28 U.S.C. § 2255," subject to limited exceptions. *Id.* Petitioner was sentenced to a 137-month term of imprisonment, imposed consecutively to a sentence he was already serving, and a three-year term of supervised release. [DE 21].

Despite the waiver in his plea agreement, petitioner noticed an appeal, arguing that the upward departure imposed at sentencing was improper. [DE 22]. Although the Fourth Circuit found that the waiver was not effective with regard to the upward departure, the rest of the waiver was implicitly upheld; petitioner's sentence was affirmed. [DE 26]. Petitioner has also since filed an unsuccessful motion to vacate or correct his sentence under 28 U.S.C. § 2255, among other

motions attacking his sentence. [DE 33].

In 2016, petitioner moved to correct an error in his presentence report (PSR), arguing that a 1980 prison escape in Massachusetts that was included as a predicate felony in his guideline calculation was not actually an escape. [DE 52]. Petitioner contended that, in reality, he had simply failed to return from work release. *Id.* That motion was dismissed without prejudice because the Court could not find any record of the 1980 escape and could not determine whether the clarification would "impact [petitioner's] eligibility for work assignments and BOP facility assignments." *Id.*

In 2017, petitioner filed the instant motion, asking that his sentence be reviewed under 18 U.S.C. § 3742 in light of the 1980 escape. [DE 53]. The government responded in opposition. [DE 57].

## DISCUSSION

The relief that petitioner requests is the same as what would result from a successful motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Ultimately, petitioner wants his sentence to be vacated or corrected. This Court must, therefore, consider petitioner's motion as a Section 2255 petition. *United States v. Winestock*, 340 F.3d 200, 206–07 (4th Cir. 2003). The Antiterrorism and Effective Death Penalty Act of 1996 provides that before a second or successive habeas corpus petition may be filed in district court, the petitioner must move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(3)(A); *see also* 28 U.S.C. § 2255(h).

Petitioner entered into a plea agreement which contained a valid waiver appeal. There is no indication that he did not enter that agreement knowingly and intelligently. A waiver of the right to appeal a conviction or sentence is valid and enforceable if such waiver was knowingly and

2

intelligently made. *United States v. Blick*, 408 F.3d 162, 168–171 (4th Cir. 2005). If a party files an appeal despite a knowing and intelligent waiver of that party's right to appeal, the proper remedy is the dismissal of the appeal. *See United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). There is no allegation by petitioner, nor is there any indication in the record, that petitioner was afforded ineffective assistance of counsel or that the government engaged in any misconduct that would warrant this Court's creating an exception to that waiver in this case. *See United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994).

Additionally, the Court has been in contact with Supervising U.S. Probation Officer Marianne G. Burnette. Officer Burnette has learned from petitioner's BOP case manager, Ms. Charmane Henderson, that petitioner's 1980 escape is not preventing him from obtaining certain work assignments or transfers to other BOP facilities. Previously, Senior U.S. Probation Officer Mary K. Parker had learned that incident reports in Massachusetts related to the 1980 escape had been destroyed. As such, petitioner's motion must be dismissed.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the above reasons, petitioner's motion to review his sentence under 18 U.S.C. § 3742 [DE 53] is DENIED. A certificate of appealability is DENIED.

SO ORDERED, this 10 day of December, 2018.

							*Terrence Boyle*
							TERRENCE W. BOYLE
							CHIEF UNITED STATES DISTRICT JUDGE

4